IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL ANDREW BAIN | ) | |
| | ) | |
| V. | ) | 3-05-CV-909-B |
| | ) | |
| DOUGLAS DRETKE, Director, | ) | |
| Texas Department of Criminal Justice | ) | |
| Correctional Institutions Division | ) | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, the subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a petition for habeas corpus relief brought by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is an inmate confined at the Eastham Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Lovelady serving five felony convictions.

The Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

Findings and Conclusions: Bain was convicted of five felony offenses, three of which charged him with aggravated robbery of an elderly person, to wit: Cause Nos. F-0152559-VL, F-0152561-VL and F-0152562-VL; two of which charged him with robbery, to wit: Cause Nos. F-

0152563-VL and F-0152590-VL, and the state jail felony offense of theft as charged in No. F-0152564-VL.

As reflected in the record, all six convictions were affirmed on direct appeal. Bain's pro se petition for discretionary review of his convictions was refused by the Texas Court of Criminal Appeals. Thereafter, in six art. 11.07 applications, Petitioner collaterally attacked each of his convictions, all of which were denied by the Texas Court of Criminal Appeals without written order based on the findings of the trial court without a hearing. The grounds raised in each art. 11.07 were identical. The present petition was filed on April 30, 2005, the date on which he signed the same. See Spotsville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998).

In the present petition Bain attacks the representation provided by his trial attorney. Although only one ground is asserted, he identifies six specific bases on which he claims that counsel's conduct was constitutionally infirm, including a claim that the attorney failed to investigate his past medical and mental health history. See petition at page 7-C. Compare e.g. Application No. 61,478-.01 [W-01-52590-L(A)] at 0011. In its response to the art. 11.07 applications the State requested the state court to obtain an affidavit from Petitioner's trial attorney. Id. at 0033-34. The trial court in turn obtained an affidavit from the attorney. Id. at 0053-54. Based in part upon the attorney's affidavit, the trial court filed its Findings of Fact and Conclusions of Law. Id. at 45-49. Specifically the court found that the statements in the attorney's affidavit were true and correct, and dispositive of Bain's ineffective assistance of counsel claim. Id. at 0047, ¶ 3. However, the attorney's affidavit on which the trial court relied in recommending that habeas corpus relief be denied is wholly silent with respect to any investigation with respect to Bain's physical and mental health history or any reasons why no such investigation was pursued.

2

Under these circumstances I am of the opinion that an evidentiary hearing should be held to address and determine this issue.

28 U.S.C. § 2254(e)(2), part of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), prohibits a federal court from conducting an evidentiary hearing only when "the applicant has failed to develop the factual basis of a claim in State court proceedings." In the present case Bain specifically identified facilities where he had received treatment. E.g. No. 61,478-01, supra, at 008; see also 0011-12. It is difficult to imagine what additional information he could have proffered in support of his claim in his art. 11.07 applications. See McDonald v. Johnson, 139 F.3d 1056, 1060 (5th Cir. 1998) (district court had discretion to hold an evidentiary hearing where the undeveloped record was not due to an act or omission of the petitioner). See also Rule 8, Rules Governing § 2254 Cases.

The fact that the state courts had no evidence with respect to the absence of background investigation, occasioned by the trial attorney's failure to address the issue in his affidavit forecloses application of the presumption of correctness required under § 2254(e)(1). The absence of facts found further renders it impossible for this court to apply the limitations in § 2254(d)(1) and (2).

In Glover v. United States, 531 U.S. 198, 121 S.Ct. 696 (2001), the Court made clear that the right to effective assistance of counsel applied to sentencing proceedings as well as to trials on pleas of not guilty. However, that which is required to establish "prejudice" in the context of a state prisoner's conviction in this circuit is evidence which establishes that but for an attorney's

3

unprofessional conduct that the defendant's non-capital sentence would have been <u>significantly</u> less harsh. <u>Spriggs v. Collins</u>, 993 F.3d 85, 88 (5th Cir. 1993).[1]

An attorney's failure to present evidence of a defendant's medical and psychological problems in the punishment phase of trial can result in a determination of ineffective assistance of counsel. <u>E.g. see</u> <u>Miller v. Dretke</u>, 420 F.3d 356, 362-366 (5th Cir. 2005). In the present case, given that the sentences imposed by the jury were nearly two times higher than the terms sought by the State in the plea bargain which Bain rejected, <u>E.g. see</u> No. 61,478-01, <u>supra</u> at 054, it cannot be said as a matter of law that his non-capital sentences would have not been significantly less harsh, had evidence of his past medical and mental problems been presented to the jury. On the other hand the record before the court does not contain <u>found facts</u> as to whether or not Petitioner's attorney made an investigation with respect to available medical and mental health records or whether counsel made a tactical decision not to present such evidence, if available. Finally, the record contains no treatment records from which the court might determine either their materiality or the qualitative weight which the jury might have given - all because no findings on these matters were made in Bain's state habeas corpus proceedings.

<u>RECOMMENDATION</u>:

For the foregoing reasons it is recommended that the District Court find that Bain is entitled to an evidentiary hearing on his claim that his trial attorney failed to render effective assistance of counsel in failing to investigate his physical and mental health history, in failing to obtain an expert

---

[1] Subsequent to the Supreme Court's opinion in <u>Glover</u>, the Fifth Circuit had occasion to revisit the court's holding in <u>Spriggs</u>. In <u>United States v. Grammas</u>, 376 F.3d 433, 437-38, 438 n. 4. (5th Cir. 2004), the Fifth Circuit held that <u>Spriggs</u> continued to apply to non-capital sentences imposed under state sentencing regimes. <u>See also</u> <u>Ward v. Dretke</u>, 420 F.3d 479, 498 n. 55 (5th Cir. 2005).

4

to assess such records and in failing to present physical and mental health evidence in mitigation of punishment, and

That the District Court set an evidentiary hearing, or in the alternative refer the matter back to the undersigned magistrate judge with directions to hold an evidentiary hearing.

SIGNED this 8th day of November, 2005.

*Wm. F. Sanderson, Jr.*
_____
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.