IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL ANDREW BAIN | ) | |
| | ) | |
| V. | ) | 3-05-CV-909-B |
| | ) | |
| DOUGLAS DRETKE, Director, | ) | |
| Texas Department of Criminal Justice | ) | |
| Correctional Institutions Division | ) | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, the subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a petition for habeas corpus relief brought by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is an inmate confined at the Eastham Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Lovelady serving convictions imposed in a Texas state court.

The Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

Statement of the Case: After entering pleas of guilty to the offenses of aggravated robbery as charged in the indictments in Nos. F-01-52559-VL, F-01-52561-VL and F-01-52562-VL, robbery

as charged in the indictments returned in F-01-52563-VL and F-01-52590-VL and theft as charged in F-01-52564, the cases were consolidated for a punishment hearing before a jury. The jury assessed punishment at 85 years confinement in the aggravated robbery cases, 40 year terms in the robbery cases and two years confinement in the theft case.[1] The sentences in the cases were ordered to be served concurrently.

Bain appealed each conviction and on July 1, 2003, the Sixth Court of Appeals delivered an opinion affirming all cases. The Texas Court of Criminal Appeals denied his petitions for discretionary review on December 17, 2003. Thereafter he filed six separate art. 11.07 applications collaterally attacking each conviction, which were denied by the Court of Criminal Appeals without written order based upon the findings of the trial court with a hearing. He then filed the present petition attacking all of his convictions.

<u>Findings and Conclusions</u>: In a single ground for relief Bain alleges that he was denied effective assistance of counsel by his trial attorney. However, he identifies five specific instances of claimed ineffectiveness, two of which relate to his attorney's failure to file motions to suppress, i.e. (1) failure to contest the voluntariness of his confession and (2) failure to attack in-court identifications, one of which relates to his decision to have the jury assess punishment, and two which relate to counsel's performance in the punishment phase of the trial.

Consideration of the petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act (the "AEDPA").

---

[1] Bain's two-year sentence in the theft case expired prior to the date on which he filed his § 2254 petition in this court. Therefore, he was not "in custody" on this conviction and the court is without jurisdiction to consider the conviction and sentence in the theft case. See 28 U.S.C. § 2254 (a).

A claim of ineffective assistance of counsel is governed by the standard set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984). In order to prove a claim a petitioner must prove that an attorney's conduct fell below the objective standard of representation required under the Sixth Amendment (cause) and that but for the attorney's constitutionally deficient conduct, the results of proceedings would have been difference (prejudice).

As noted above, each of Bain's art. 11.07 applications was denied by the Court of Criminal Appeals without written order based on the findings of the trial court without a hearing. The grounds raised in each application were identical. In considering and disposing of his claims the trial court obtained the affidavit of Petitioner's trial attorney, Rick Harrison, executed on February 3, 2005. In each application the trial court made identical findings of fact. See e.g. Application No. 61,478-01, at 0045-0049. In addressing the conflicting allegations raised in Bain's applications as juxtaposed with Mr. Harrison's affidavit, the trial court found that the statements of counsel were true, correct and dispositive of Petitioner's claims.[2]

As related in Mr. Harrison's affidavit, Application No. 61,478.01 at 0053-54, Bain never told him that his confession was coerced or that he did not understand what was going on. When a defendant fails to apprise his attorney of circumstances which might raise an issue relating to the admissibility of evidence, he cannot thereafter mount an ineffective assistance of counsel claim based upon matters which were not disclosed. Further, according to the attorney's affidavit Bain

---

[2]Under Texas state law, fact issues in an art. 11.07 application may be resolved by affidavits or by evidentiary hearing, or a combination of the two. These procedures comport with the requirements set out in 28 U.S.C. § 2254(d) as they existed prior to the enactment of the AEDPA. See e.g. Smith v. Estelle, 711 F.2d 677, 681 (5th Cir. 1983), cert. denied 466 U.S. 906 (1984); Lincecum v. Collins, 958 F.2d 1271, 1279 (5th Cir. 1992), cert. denied 596 U.S. 957 (1992) (collecting cases).

never wanted to contest the charges, but chose to have a jury assess punishment rather than accept the State's plea offer.

Having pled guilty, the admissibility of in-court identifications by victim-witnesses was rendered moot. A guilty plea waives all non-jurisdictional defects. See Tollett v. Henderson, 411 U.S. 258, 93 S.Ct. 1602 (1973).

The attorney's affidavit also addresses his advice to Bain to have a jury assess punishment rather than the trial judge. There is nothing in the State record indicating that Bain voiced an objection to going to a jury for punishment. It is self-evident that counsel's advice was based upon a deliberate tactical decision by Mr. Harrison. The fact that Petitioner chose to accept this advice fails to overcome the strong presumption of competence or to establish ineffective assistance of counsel.

Insofar as Bain raises issues with respect to his attorney's performance in the punishment phase, with respect to his complaint that D'Onna Bain Spradlin was not called as a witness, See Application No. 61, 478-01 at 0017, the State court found that he has not requested Mr. Harrison to call any witnesses, Id. at 0054. A habeas petitioner cannot fault counsel for complying with his request. Further, the record reflects that counsel called another family member, his father, Gerald Bain.

Under the limitations imposed by the AEDPA a federal court may not grant habeas corpus relief to a state prisoner pursuant to 28 U.S.C. § 2254, unless the prisoner establishes that the state court's adjudication was contrary, or involved an unreasonable application of a decision of the United States Supreme Court or was based on an unreasonable determination of the facts in light of

the evidence presented in the State court proceedings. 28 U.S.C. § 2254(d)(1) and (2). Bain has failed to satisfy either exception and therefore relief on the foregoing grounds should be denied.

In his art. 11.07 applications Bain also claimed that his counsel failed to conduct an investigation into his prior drug abuse and mental health history and to obtain the services of a mental health expert. See e.g. No. 61,478-01 at 0011-12. A review of Mr. Harrison's affidavit response to the allegations in the art. 11.07 applications, Id. at 0053-54, discloses that this claim was not addressed. Accordingly, there are no findings of fact made by the Texas state courts on this issue. Therefore, the magistrate judge filed a report on November 8, 2005, recommending that an evidentiary hearing be held to consider this claim. On November 16, 2005, the District Court adopted the recommendation and referred the case back to the undersigned for an evidentiary hearing.

On March 6, 2006, the evidentiary hearing was held at which Mr. Bain and his court-appointed attorney appeared and Respondent appeared through his counsel, Assistant Attorneys General Stephen M. Hoffman and Thomas Skaggs. Richard Harrison, Petitioner's trial counsel, testified as did Petitioner himself. Bain also offered copies of his prior medical records to which Respondent objected on the basis that they had not previously been presented in his state court proceedings and therefore raised unexhausted grounds.[3]

The court took the objection under advisement and now addresses it. As set out in the prior recommendation the State court record does not address the failure to investigate Bain's drug abuse and mental health history, notwithstanding his identification in his art. 11.07 applications of specific

---

[3] Respondent reiterates his failure to exhaust argument in his post-hearing response and further argues that § 2254 (e)(2) forecloses further actual development of his claim.

5

health care providers at which he formerly received treatment. Therefore, there are no findings which are subject to the criterion set out in § 2254(d)(2). Under such circumstances the court is not prohibited from a de novo determination of the merits of this exhausted claim which necessarily may involve receiving relevant evidence in the course of a hearing where issues of fact exist. Barrientes v. Johnson, 221 F.3d 741, 770 (5th Cir. 2000). Respondent's argument that Bain failed to develop the evidence of his prior medical treatment in the course of his art. 11.07 proceedings is also lacking in merit. Although Bain did not identify every medical care provider whose records were presented at the March 6, 2006, hearing, his state habeas pleadings gave fair notice of the substance of this claim and that records of his treatment were in existence. State law does not require that all evidence in support of claims be proffered with an art. 11.07 application, nor does the fact that Bain did not submit the records with his state application constitute the lack of diligence or fault which is required to foreclose further actual development of his claim in federal court. Barrientes, supra at 770-71, citing the Supreme Court's decision in Williams v. Taylor, 529 U.S. 420, 432, 120 S.Ct. 1479, 1488 (2000). Moreover, even if Respondent's argument were meritorious, the court is not barred from denying relief on an unexhausted claim. § 2254(b)(2).

In order to establish an ineffective assistance of counsel claim in the context of infirmities in the punishment phase of a criminal prosecution a Texas state prisoner must prove that but for the unprofessional conduct of his attorney (cause) the defendant's non-capital sentence would have been significantly less harsh (prejudice). Spriggs v.Collins, 993 F.2d 85, 88 (5th Cir. 1993).[4]

---

[4]Subsequent to the Supreme Court's opinion in Glover v. United States, 531 U.S. 198, 121 S.Ct. 696 (2001), the Fifth Circuit has made clear that the Spriggs test continues to apply to state sentencing regimes. See Ward v. Dretke, 420 F.3d 479, 498 n. 55 (5th Cir. 2005).

Based upon the credible testimony presented at the evidentiary hearing the magistrate judge makes the following findings of fact:

1. After being appointed to represent Bain in the criminal cases in which he was charged, Richard Harrison met with Bain and his father on ten or more occasions. During these meetings Harrison was advised of Bain's lengthy history of drug abuse, physical injuries for which he had received medical care or hospitalization, Bain's repeated efforts to rid himself of drug dependency and the fact that Bain had been sexually molested when four years old.

2. Neither Bain nor his father disclosed any information indicating any mental illness or mental incompetency. Bain was fully able to discuss the circumstances under which the offenses were perpetrated.

3. At all times during Harrison's representation, Bain intended to plead guilty, although he rejected the prosecution's plea bargain offer, which ultimately was withdrawn by the State.

4. Harrison concluded that the various injuries which Bain had sustained as well as his efforts at drug rehabilitation were too remote to the series of crimes committee between April 30, 2001 and May 8, 2001, to have a material bearing on the issue of sentencing. However, Harrison determined to call Gerald Bain, Petitioner's father, to testify to his past drug abuse, injuries and molestation.

5. Harrison did not attempt to obtain any records from Help Is Possible, Narcotics Anonymous or Alcoholics Anonymous, the only facilities which Bain identified. Harrison did not attempt to obtain records from any other health care provider which had rendered care to Petitioner.

6. Harrison did not attempt to seek out an expert to render an opinion concerning Bain's mental status at the time he engaged in the series of robberies.

CONCLUSIONS OF LAW:

1. Bain has failed to show that his trial attorney was ineffective in failing to obtain prior treatment records[5] or to seek an expert opinion as to his mental status at the time of the offenses. In addition, he has failed to produce any expert opinion calling into question his mental status at the time of the robberies. Therefore, Petitioner is not entitled to relief. See Strickland v. Washington, at 697, 104 S.Ct. 2069 (failure to establish either prong of the two-part test precludes relief).

2. In the alternative, the magistrate judge further finds that Bain has failed to prove prejudice. The sentences imposed in each of the cases were reasonable in light of the nature of the offenses, the ages of the victims, the injuries which the victims sustained and Bain's prior felony convictions. Having failed to present any expert testimony relating to his mental status at the time of the offenses, Bain has failed to meet his burden of establishing a reasonable probability that had such testimony been presented the sentences imposed would have been significantly less harsh. Moreover, even had mitigating evidence in addition to that presented by Petitioner in the punishment phase been presented, there is no reasonable probability that it would have had a significant effect on the length of sentences imposed in light of the other evidence which was presented in the punishment proceeding.

At the evidentiary hearing Mr. Harrison testified that he called Kathy Wilkerson as a defense witness at the insistence of Mr. Bain and contrary to Harrison's advice. The trial transcript confirms

---

[5] Although Bain presented numerous records at the evidentiary hearing, i.e. Petitioner's Hearing Exhibits 1 through 6, he has not identified any entries appearing in these records which question his mental status. However, the magistrate judge has reviewed these exhibits, which reflect - consistent with Mr. Harrison's testimony - that they relate to drug abuse treatment and treatment for physical injuries for the time frame of December 1989 (Exhibit 3) to April 1997 (Exhibit 3, emergency room admission on April 2, 1997).

this. See S.O.F., Vol. 3 at 91. Similarly Bain himself chose to testify, even though counsel advised that it would be better if he didn't.

In addition to the victims' testimony and injuries which they sustained Mr. Wilkerson's testimony brought out the fact that Petitioner had admitted to her that he had sexually abused her daughter. Ms. Wilkerson further testified to physical abuse and injury which she suffered at the hands of Petitioner. Testifying in his own behalf, Bain essentially accused Wilkerson of lying about both instances.

At the evidentiary hearing Mr. Harrison testified that he counseled Petitioner to tell the truth, having chosen to testify in his own behalf. However, his testimony was quite damaging, particularly in response to the prosecutor's cross-examination. See S.O.F., Vol. 3 at 209-236. He testified that the victims' testimony as to the manner in which the robberies were perpetrated was false. He likewise denied that he had caused their injuries. Obviously, in assessing the sentences the jury concluded that it was Bain was testified falsely with respect to the circumstances of the robberies

and the injuries which were sustained.

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition be in all things denied.[6]

A copy of this recommendation shall be transmitted to Petitioner and counsel for the parties.

SIGNED this 22nd day of May, 2006.

*Wm. F. Sanderson, Jr.*
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within twenty (20) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such twenty-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

[6]Relief on his theft conviction should be dismissed for want of jurisdiction. See n. 1, supra.